IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALIYAH MONROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  23-cv-3548-DWD |
| | ) |
| STACY L. CAMPBELL, | ) |
| GARY A. MACK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court are two Motions to Dismiss for Lack of Jurisdiction filed by Defendants, Attorney Gary A. Mack and Judge Stacy L. Campbell (Docs. 10, 14).  Plaintiff Aliyah Monroe filed a Motion to Dismiss Attorney Mack's Motion, asking the Court to consider her claims as stated in her complaint (Doc. 11).  The Court construes this Motion (Doc. 11) as a response in opposition to Attorney Mack's Motion to Dismiss for Lack of Jurisdiction.  Plaintiff has not yet responded to Judge Campbell's Motion to Dismiss.  However, the Court finds that both Motions are ripe for review because the Court has an independent duty to confirm its jurisdiction.  See *Carter v. AMC, LLC*, 645 F.3d 840, 842 (7th Cir. 2011) (federal courts noting that "a federal court must raise [an issue under the *Rooker-Feldman* doctrine] on its own because it curtails subject-matter jurisdiction"); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus

1

save everyone time and legal expense."). For the reasons detailed below, Plaintiff's Complaint is due to be dismissed.

## Background

Acting *pro se*, Plaintiff Aliyah Monroe brings this action against Illinois state court judge, Stacy L. Campbell, and Attorney Gary A. Mack (Doc. 2).  Plaintiff alleges that Defendants acted negligently towards her and her minor child during state court child support proceedings in St. Clair County, Illinois.  In its entirety, Plaintiff's statement of the claim alleges:

> Between 02/2020-10/2023 at 10 Public Square Belleville, IL 62220, St. Clair County and other place[s], the defendants: (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances because Honorable Judge Stacy L. Campbell and Attorney Gary A. Mack were negligent in Case No. 20-F-0089 by actions that a person of ordinary prudence in the same or similar circumstance would not have done. The judgments and orders entered in this case by Judge Campbell caused physical, emotional, and other harm to myself and my minor child which may lead to other risk factors in the forthcoming future. Attorney Mack's behavior and conduct in Case No. 20-F-0089 contributed to harm of minor child and Petitioner, Aliyah Monroe.
>
> The acts or omissions caused or contributed to the cause of the plaintiff's injuries by causing the minor child and mother who were bonded, before and after birth, to be separated and joined to an absent parent, Mr. McDowell, who subjected them to harm prior to Case No. 20-F-0089. Additionally, Mr. McDowell['s] past showed a lack of support and interest of minor child since conception and after birth; However, Judge Campbell changed the minor child's schedule to two-week rotations at one year of age although the mother and minor child had an established relationship. Since Dec. 2022, Mr. McDowell has concealed the minor child from the Plaintiff, Ms. Aliyah Monroe, under Counsel of Mr. Mack, to include Counsel's date of withdrawal.

(Doc. 2, p. 4).

2

Plaintiff seeks compensatory damages in the amount of $120,000.00. She also asks that the Court vacate the judgment and orders entered in the state court proceedings, and for the Court to restore full custodial rights of the minor child to Plaintiff. Finally, Plaintiff asks the Court to direct officers to remove the minor child from the physical custody of the minor's father, whose location is allegedly being concealed from Plaintiff.

In reviewing the allegations in the Complaint and the attached documents provided by the parties, in addition to the public docket sheet of the relevant state court proceedings, the Court is able to construe that Plaintiff and her co-parent have been involved in a lengthy custody dispute concerning their minor child.[1] The state court proceedings were closed on October 30, 2023. Judge Stacy L. Campbell presided over these proceedings, and Attorney Mack represented the respondent co-parent, Mr. McDowell, from approximately February 2020 until December 2022.

## Discussion

Fed. R. Civ. P. 12(b)(6) allows a defendant to file a motion to dismiss the complaint against them for "failure to state a claim upon which relief can be granted." In examining a motion to dismiss, the Court accepts as true all well-pleaded allegations in the

---

[1] These documents include a Judgment of Allocation of Parental Responsibilities Incorporating Parenting Plan, dated February 25, 2022 (Doc. 10-2) and an Order from the Illinois Appellate Court, Fifth District, dated November 23, 2022, dismissing Plaintiff's appeal of an order or final judgment entered in the state court proceedings (Doc. 10-3). The public docket sheet for the state court proceedings is available at the St. Clair County Clerk's website: https://www.co.st-clair.il.us/departments/circuit-clerk/courts/civil-records. The Court is entitled to take judicial notice of these documents and public records. *See Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) (The Court "has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies, whether made before or after the decision under review. Determinations to be judicially noticed include 'proceedings in other courts, both within and outside of the federal judicial system if the proceedings have a direct relation to matters at issue.'").

complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). To survive a motion to dismiss, a complaint must present enough facts to establish an inference that the allegations in the claim are plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court explained in *Iqbal*, "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and must include further factual enhancement. *Id.* (internal citations omitted). The facts must allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, the facts in the complaint must present "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In situations where a plaintiff is proceeding *pro se*, like here, the Court will construe the complaint liberally. *Erickson*, 551 U.S. at 94; *see also Riley v. Kolitwenzew*, 526 F. App'x 653, 657 (7th Cir. 2013).

Construing Plaintiff Monroe's Complaint liberally, she alleges that Judge Campbell and Attorney Mack acted with negligence towards her and her minor child in issuing orders and presenting arguments that resulted in the entry of a parenting plan and/or other court orders adverse to her. Plaintiff frames the claims in her Complaint as one alleging negligence, and seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). However, Plaintiff does not specify what specific actions allegedly constitute negligence here. Nor does Plaintiff identify a specific duty owed to her by Defendants that they allegedly breached, during the state court proceedings. *See, e.g.*, *TIG Ins. Co. v. Giffin Winning Cohen & Bodewes, P.C.*, 444 F.3d 587, 590–91 (7th Cir. 2006) (the elements of a legal malpractice claim, just as in other negligence claims, require the

4

existence of a duty, breach of that duty, proximate cause, and damages). Regardless of these deficiencies, Plaintiff's suit cannot proceed in this Court because her claims are barred under the *Rooker-Feldman* Doctrine. Alternatively, even if not covered under that doctrine, her claims against Judge Campbell are barred under the doctrine of judicial immunity, and Plaintiff otherwise fails to state a claim for relief over which this Court could exercise jurisdiction.

The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over cases brought by "state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The rationale for this rule is that Congress has granted only the Supreme Court the power of appellate review of state court judgments. *Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *see also*, *Sykes*, 837 F.3d at 742 ("[N]o matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it.").

A claim that directly asks a federal court to set aside a state court judgment is a *de facto* appeal that triggers *Rooker-Feldman*. *Sykes*, 837 F.3d at 742. *Rooker-Feldman* applies even in the event the state court judgment is "erroneous or even unconstitutional." *Gilbert*, 591 F.3d at 900 (quoting *Kamilewicz v. Bank of Bos. Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)) (internal quotations omitted). The decision to apply the doctrine is based upon "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Swanson v. Indiana*, 23 F. App'x 558, 559 (7th Cir.

5

2001) (quoting cases) (internal quotations omitted). Though the doctrine is "narrow," *see Skinner v. Switzer*, 562 U.S. 521, 532 (2011), Plaintiff's suit fits squarely within *Rooker-Feldman*. Plaintiff asks the Court to overturn the state court judgments adverse to her. In asking this Court to set aside those judgments, Plaintiff's suit is nothing more than a *de facto* appeal, which this Court does not have the authority to hear. The fact that Plaintiff may allege the judgments were the result of some negligent or unconstitutional conduct by the Defendants does not exempt Plaintiff's suit from *Rooker-Feldman*'s application.

In *Swanson v. Indiana,* for instance, plaintiff Scott Swanson brought suit in federal court alleging constitutional violations, including gender discrimination, which resulted in an adverse custody and child support award in state court. *Swanson*, 23 F. App'x at 559. The Seventh Circuit noted that the plaintiff's injury arose from the defendants' alleged unconstitutional actions relating to the divorce proceedings, and held that federal subject-matter jurisdiction was precluded under *Rooker-Feldman*. *Id.* The court stated that "[h]ad the divorce decree favored Mr. Swanson, or had it never existed, the alleged unconstitutionality of the defendants' programs and procedures would not have caused Mr. Swanson damage." *Id.* Here, Plaintiff's suit is directly analogous. Had the negligent orders of which Plaintiff complains favored her, she would not be damaged. Plaintiff's alleged injury therefore arises from the state court judgments themselves, and her claims for relief seeking the reversal of orders entered in her state court case cannot be heard by this Court under *Rooker-Feldman*. *See also Machnik*, 244 F. App'x 37 (7th Cir. 2007) (*Rooker-Feldman* precluded federal district court from hearing dispute over state court custody orders); *Schmitt v. Schmitt*, 324 F.3d 484 (7th Cir. 2003) (federal district court did not have

6

jurisdiction under *Rooker-Feldman* over § 1983 due process claim alleging that Illinois state courts infringed Plaintiffs' rights in state court divorce proceedings). This bar also extends to any of Plaintiff's claims which are "inextricably intertwined with the state-court judgment such that the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403 (7th Cir. 2002). The Court finds that Plaintiff's claims are inextricably intertwined with the family court proceedings and thus the *Rooker-Feldman* doctrine precludes jurisdiction. Plaintiff's Complaint must therefore be dismissed.

Alternatively, even if *Rooker-Feldman* is not applicable to Plaintiff's claims, Judge Campbell, as a state court judge, enjoys judicial immunity here. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) ("[T]his Court has consistently adhered to the rule that 'judges defending against . . . actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities'."); *see also Machnik*, 244 F. App'x at 38 ("[S]tate judges have absolute immunity with respect to damages, though not with respect to prospective relief.") (citing *Pulliam v. Allen*, 466 U.S. 522 (1984)).

> The principle of judicial immunity recognizes that although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self. Thus, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction.

*Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000) (internal citations omitted). Absolute judicial immunity applies to suits for damages unless: (1) "the suit challenges an action that is not judicial in nature," or (2) "the judge acted in the complete absence of

7

all jurisdiction." *Haas v. Wisconsin*, 109 F. App'x 107, 113 (7th Cir. 2004). Here, Plaintiff's claims fit squarely within the doctrine of absolute judicial immunity, and the Court can discern no basis to infer that Judge Campbell acted without jurisdiction. Therefore, even if this Court had jurisdiction over the Plaintiff's claims, Judge Campbell would be immune from suit.

Likewise, any claims against Attorney Mack are not properly pled under Fed. R. Civ. P. 8, which demands that a claim for relief must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even liberally construing Plaintiff's complaint, she fails to articulate a duty – contractual or otherwise – owed to her by Attorney Mack. It is also undisputed that Attorney Mack was not a state actor and did not represent Plaintiff during the state court proceedings. Accordingly, the Court cannot discern how Attorney Mack would be subjected to a negligence claim or some other suit under 42 U.S.C. § 1983. *See, e.g.*, *Huiras v. Cafferty*, No. 23-1385, 2023 WL 6566492, at *2 (7th Cir. Oct. 10, 2023) ("[Ex-spouse] and her lawyer are private persons, not 'state actors,' and are therefore not subject to suit under § 1983"). Simply, Plaintiff's conclusory allegations fail to indicate that either Defendant may be liable for the alleged misconduct at issue in her Complaint, thus failing to meet the pleading standard under Fed. R. Civ. P. 8. *See also Ashcroft*, 556 U.S. at 678.

Because the Court finds Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine, the Court will not resolve Attorney Mack's arguments concerning the "domestic relations exception" other than to note that it is well settled that "[f]ederal courts must avoid deciding cases involving 'divorce, alimony, and child custody

decrees,'" and this exception applies to "both federal-question and diversity suits." *Huiras*, 2023 WL 6566492, at *2 (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992)); *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007); *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018)).

## Conclusion

For these reasons, the Court does not have jurisdiction over Plaintiff's claims. Therefore, Attorney Mack and Judge Campbell's Motions to Dismiss (Docs. 10, 14) are **GRANTED**. Plaintiff's Complaint (Doc. 2) is **DISMISSED without prejudice.** *See Swanson*, 23 F. App'x at 560 (Dismissal for lack of subject-matter jurisdiction under *Rooker-Feldman* is without prejudice). All other pending motions (Docs. 11, 12) are **DENIED, as moot**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**SO ORDERED.**

Dated: December 18, 2023

_____
DAVID W. DUGAN
United States District Judge